# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MARCUS L. CARGLE,

                Plaintiff,

v.                                                   No. CIV 19-115-RAW-SPS

JAMES A. YATES, et al.,

                Defendants.

## OPINION AND ORDER

Plaintiff Marcus L. Cargle, a pro se state prisoner incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations at that facility (Dkt. 1). The defendants are DCF Warden James A. Yates; FNU Brown Chief of Security; and three case managers: FNU Barry, FNU Bransfield, and FNU Worsham.

Plaintiff alleges that on December 26, 2018, he and his cellmate Everett Gillum were notified they were to be moved from the Fox Bravo segregation unit for failing their urinalysis testing. While on lock-down awaiting transport, they were "accosted" by another prisoner who told them that upon their arrival in the segregation unit, they would receive a package with delivery instructions.

When Correctional Officer York delivered Plaintiff's and Gillum's property the next day, York instructed them to "look inside the mattress." Upon inspection of the mattress, Plaintiff and Gillum discovered three cell phones and 1/2 pound of marijuana in a package. Plaintiff claims that on January 3, 2019, while being escorted to the showers, he and Gillum

were instructed to traffic the contraband so it would reach its destination. Upon returning to the cells, Correctional Officer Hobbs attempted to retrieve the contraband from Gillum, who had hidden it under his T-shirt. Hobbs dropped the package and forced Gillum to the ground. Hobbs then took the package and "paraded" it as contraband.

Plaintiff further claims he and Gillum have received numerous threats when general-population prisoners are brought to segregation. Both are concerned for their safety at DCF, because when they eventually are returned to the general population, they will be exposed to the people who were expecting the staff-assisted contraband delivery.

Plaintiff is requesting relief in the form of an injunction requiring Plaintiff's and Gillum's transfer from DCF while these issues are in litigation. He also requests $650.00 to cover their litigation fees and medical expenses.

After review of the complaint, the Court finds Plaintiff must file an amended civil rights complaint on the Court's form, as set forth below.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state

3

a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on the Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. Plaintiff is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and *pro se* had responsibility to provide correct names and proper addresses for service of process).

Plaintiff must provide a short and plain statement of when and how each named defendant violated his constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). He also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a

defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. Furthermore, the Court will only consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990). Therefore, no claims by Everett Gillum may be presented in the amended complaint.

Plaintiff further is advised that with respect to his request for a transfer to another facility, it is well settled that there is no constitutional right to incarceration in a particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Thus, the Court cannot grant Plaintiff a transfer to a different prison.

The amended complaint must include all claims and supporting material to be considered by the Court. It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. An amended complaint supersedes the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used.

The Court Clerk is directed to send Plaintiff the proper form for filing an amended complaint. If Plaintiff fails to file an amended complaint in accordance with this Order,

this action shall be dismissed for failure to state a claim upon which relief may be granted.

**ACCORDINGLY,** Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 6th day of May 2019.

Ronald A. White
United States District Judge
Eastern District of Oklahoma